Cornelius Clifford, Respondent, v. Staten Island Electric Railway Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion.

Bartley Durham, Appellant, v. The Brooklyn Crosstown Railroad Company, Respondent.— Order modified so as to direct that the complaint be dismissed, unless within ten days plaintiff pays defendant the sum of twenty dollars costs, and stipulates to try the cause at the next Trial Term. No costs of this appeal to either party. No opinion. All concur.

Jennie Mandigo, Appellant, v. Frank P. Bailey, Respondent.— Order modified so as to direct award of motion costs to plaintiff to abide the event of the action, and as modified affirmed, without costs. No opinion. All concurred.

Anne O'Connor, Appellant, v. Brooklyn Ferry Company of New York, Respondent.— Judgment reversed on argument and new trial granted, costs to abide the event. All concurred.

Hugh Powers, an Infant, by Michael Powers, his Guardian ad Litem, Respondent, v. Jacob Bolz, doing Business under the Name of the Foerster Company, Appellant.— The appellant having stipulated as directed by the court, the proceedings on order appealed from stayed indefinitely.

Isaac B Canfield, Respondent, v. Andrew X. Fallon and Another, Executors, etc., and Others, Respondents; Catharine E. Gulbrandsen and Others, Appellants.— Order settled and questions certified.

## FIRST DEPARTMENT, OCTOBER TERM, 1899.

Alexander Gilbert and Lewis V. F. Randolph, as Executors, etc., of William R. Clarkson, Deceased, Respondents, v. Charles J. Warren and Amos B. Stratton, Appellants.— Judgment reversed, new trial ordered, costs to appellants to abide event.— Appeal from a judgment entered upon the verdict of a jury directed by the court.—

VAN BRUNT, P. J. : In view of the conclusion at which we have arrived in reference to the main question involved upon this appeal, it will not be necessary to consider the questions raised in respect to the amounts which were claimed to be due from the defendants to the plaintiffs, it seeming to us that there was a question to go to the jury in regard to the agreement between William R. Clarkson and the defendants. Prior to the 1st of January, 1883, the plaintiffs' testator and the defendants were copartners carrying on business in the city of New York under the firm name of William R. Clarkson & Co. On that date, as between themselves, the copartnership was dissolved, William R. Clarkson retiring from the firm, and the business being continued by the defendants under the old firm name of William R. Clarkson & Co. No notice of the dissolution of the firm was given to the public until April 10, 1889. The testator, William R. Clarkson, kept an account in a book of his own of his transactions and dealings with his firm, which was continued after the dissolution of the firm on the 1st of January, 1883. On said date in said book William R. Clarkson entered in his own handwriting the following memorandum: "January 1st, 1883. W. R. Clarkson, from this date, is not a partner in the firm of W. R. Clarkson & Co., A. B. Stratton and C. J. Warren composing the said firm. The name of W. R. Clarkson & Co. is used in conducting said business. The conditions and agreement between said parties are as follows: The moneys standing to the credit of W. R. Clarkson is a loan account, and shall draw interest at six per cent. Should W. R. Clarkson loan said firm securities to be hypothecated for loans no charge will be made for the use of them. The firm shall pay loans and interest and return said securities to W. R. Clarkson. In

lieu of borrowing money on W. R. Clarkson's securities, Stratton & Warren may call on W. R. Clarkson to make his loan account $50,000, to draw interest as above. In consideration of above agreement, W. R. Clarkson shall receive $4,000 per year as compensation." It appears that there was also an account in the books of the defendants showing the transactions of William R. Clarkson with them; and at the end of the year comparison was made between these books and the account between the parties was stated. On one or two occasions when William R. Clarkson, at the end of the year, applied to the bookkeeper of the defendants for a comparison of accounts and a statement in reference to the amount which might be due from the firm to him, there being no amount credited as compensation to William R. Clarkson, he asked the bookkeeper in regard to his extra interest, and on one occasion the whole amount of $4,000 was credited to him and on others a reduced rate, these amounts being arrived at after consultation with Mr. Stratton, one of the defendants. There was evidence from which a jury might infer that the writing of January 1, 1883, did not lucidly set forth the whole agreement between the parties; but that Mr. Clarkson's compensation was intended not only to reimburse him for the loan of money which he made to the firm, but also for the risk he ran in the use of his name, as the business after the dissolution was to be conducted, by and with his consent, in the name of W. R. Clarkson & Co., the same as before, he thereby running the risk of being called upon to pay the debts of the firm. It seems to us that upon an examination of the evidence in this case it was a question for the jury to determine as to whether this compensation which Clarkson was to receive was intended solely as a bonus for the loan of the money or as a compensation for the continued use of his name in the business. We are of opinion, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event. Barrett, Rumsey, Patterson and O'Brien, JJ., concurred.